# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1705V
Filed: August 3, 2018
UNPUBLISHED

| | |
|---|---|
| HEATHER O'KEEFE,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA,* for petitioner.
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On December 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by her October 20, 2015 influenza ("flu") vaccination. Petition at 1-2. On November 14, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 32).

      On May 14, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 36). Petitioner requests attorneys' fees in the amount of $12,086.00 and attorneys' costs in the amount of $983.17. *Id.* at 1-2. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $13,069.17.

On May 24, 2018, respondent filed a response to petitioner's motion. (ECF No. 37). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On May 25, 2018, petitioner filed a reply. (ECF No. 38). Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates her view that her attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

The undersigned finds it necessary to reduce the hourly rate of Petitioner's counsel Ms. Strait. Petitioner's counsel billed at a rate of $320.00 for 2017, and $322.00 for 2018. The undersigned finds the rate of $322.00 for work performed in 2018 reasonable. However, as is consistent with other cases in this program, Ms. Strait's rate is reduced to $307.00 per hour for work performed in 2017.[3] This results in a **reduction of $214.50**.

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.50 hours[4] was billed by paralegals on tasks considered administrative

---

[3] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[4] Examples of these entries include: June 29, 2016 (0.1 hrs) "Review and organize retainer packet to client file."; August 5, 2016 (0.10 hrs) "Organize and prepare medical records and add to the clients file."; December 29, 2016 (0.20 hrs) "Create postage and forward petition to be served on DVIC."; April 8, 2018 (0.10 hrs) "Collaborate with MSP regarding client entitlement check."; and May 11, 2018 (0.10 hrs) "Provide notary service for and notarize Affidavit of Danielle Strait." These entries are merely example and are not exhaustive.

including, opening and setting up client files, organizing documents and mailing correspondence. For these reasons the undersigned will **reduce the attorney's fees request in the amount of $211.30**.[5]

The full amount of attorney costs requested, $983.17, is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $12,643.37[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle Strait. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida, 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount consists of 0.20 hours at $105 per hour, 0.70 hours at $145 per hour and 0.60 hours at $148 per hour.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.